UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHANTAL BURNS : DOCKET NO. 6:22-cv-03916

VERSUS : JUDGE JAMES D. CAIN, JR.

DOVER BAY SPECIALTY
INSURANCE CO., ET AL. : MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. This was one of multiple cases filed by MMA on behalf of multiple plaintiffs leading to this court's taking steps to address what was perceived (and ultimately concluded) to be inappropriate conduct by MMA attorneys.[1] On April 6, 2023, we issued an order to show cause why plaintiff's counsel should not be sanctioned, and that order required plaintiff to personally attend the April 28, 2023, hearing. Doc. 14. Plaintiff did not appear as ordered. Doc. 16. The court issued a Report and Recommendation recommending that plaintiff's counsel be sanctioned. Doc. 17.

The Report and Recommendation was mailed to plaintiff directly by the clerk of court and was returned as undeliverable, "Return to Sender, No Mail Receptacle, Unable to Forward." Doc. 21. The address used by the clerk for this and subsequent mailings was the address MMA provided pursuant to the district court's February 28, 2023, order that it provide "[a] spreadsheet or similar

---

[1] For a brief synopsis of the multiple cases filed in this district by MMA and the difficulties caused thereby, see Doc. 26, pp. 1–2.

electronic report with each client's name, docket number, and all contact information in MMA's possession for that client (including: email, telephone number, and address) . . . ." Doc. 8.

On October 31, 2023, we issued an "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters." Doc. 26. Through that order we instructed plaintiff to file a response by November 24, 2023, to defendants' Motion for Summary Judgment [doc. 9], which claims none of the defendants issued a policy of insurance to a person by the name of "Chantal Burns" at the address listed in the complaint. Doc. 24, p. 5. We further stated that plaintiff's failure to respond "without having requested an extension or without having sought to dismiss this suit by use of the attachment or otherwise, the undersigned will issue a recommendation to the district court that defendant's motion be considered unopposed and granted and further that the case be dismissed for failure of plaintiff to prosecute and/or abide by court orders." *Id.* Notice of that order mailed to plaintiff was returned undeliverable, "Return to Sender, Unable to Forward." Doc. 27.

In the order addressed to MMA counsel ruling them to show cause why they should not be sanctioned, we had also ordered them to produce under seal detailed information about the plaintiff and their purported representation of her. Doc. 14. MMA complied. Sealed doc. 18. Review of that information gives no additional insight into a current, valid mailing address for Chantel Burns.

Short of appointing ourselves investigators to continue to pursue the existence of this plaintiff or her relationship to the property listed or both, something we decline to do, we feel we have done all in our power to notify "Chantal Burns" of these proceedings. We believe we have taken every reasonable step to contact the plaintiff and determine whether there is a viable claim associated with plaintiff or the property referenced in the complaint.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 5th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE